**LOIMATA VAITI, Plaintiff**

v.

**SOʻOSOʻO TUIOLEMOTU and MAPO MAPO, Jr., Defendants**

High Court of American Samoa
Trial Division

CA No. 60-90

May 6, 1991

Before REES, Associate Justice, VAIVAO, Associate Judge, LOGOAI, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
         For Defendants, Togiola T.A. Tulafono

Plaintiff received serious injuries to her leg, as well as abrasions on other parts of her body, when she was struck by a vehicle owned by defendant Mapo and driven by defendant So'oso'o. Plaintiff testified that she got down from a bus, waited for the bus to leave, looked both ways, saw no approaching vehicles, and then walked across the street. Defendant So'oso'o testified that plaintiff darted out from behind the bus, running and looking backwards. Plaintiff was struck by defendant's vehicle and dragged under one of the tires for some distance along the roadway.

The testimony of the two parties is hopelessly at odds. Two eyewitnesses, however, who did not see the accident itself but did see the scene immediately before and after the accident, provided credible testimony that tended to corroborate most of plaintiff's story.

Contrary to the testimony of defendant So'oso'o, the preponderance of the evidence is to the effect that there was only one bus in the vicinity, the bus from which plaintiff had just disembarked. It had driven away before the accident occurred and would have provided no obstacle to defendant's view of the girl, had he been sufficiently observant. The physical evidence, as well as the eyewitness testimony, also tends to corroborate the testimony of the plaintiff that she was struck in the leg by defendant's right-front tire or a part of the vehicle immediately adjacent to the tire, just as she was about to step off the roadway after crossing it, and that she did not hurl herself directly in front of the truck as defendant testified. There were no substantial injuries other than to the leg that was dragged by the tire. As plaintiff was dragged by the vehicle, her entire body, except the leg that had been caught under the tire, was outside and to the right of the vehicle --- i.e., toward the edge of the road, which she testified she had reached or almost reached immediately prior to the collision.

Although the facts here, like those of most cases involving conflicts in testimony, are not free from doubt, the evidence preponderates in favor of plaintiff's position that she was struck by

defendant's vehicle just as she completed her crossing of the road. This means, in effect, that defendant had all the time in the world to see the girl crossing the road and to take necessary precautions, but somehow did not. We find that defendant's failure to keep a proper lookout and/or his failure to slow down and allow plaintiff to pass as soon as he saw her in the road was the primary cause of the accident.

By plaintiff's own account, however, she never saw the defendant's vehicle until after it hit her. Even if she did look both ways before crossing, this testimony strongly suggests that she must not have been keeping her eyes on the road as she crossed it. If she had been looking straight ahead or even slightly away from the approaching truck, she would have at least seen it out of the corner of her eye the moment before it hit her, perhaps in time to jump out of the way. Although neither plaintiff's duty nor her breach figured as heavily in the accident as those of defendant, we find that she was at least slightly negligent and that this negligence contributed to her injuries.

We assess the negligence of defendant So'oso'o at seventy-five percent and that of plaintiff Vaiti at twenty-five percent.

Plaintiff's injury was clearly a most painful one. She was required to undergo reconstructive surgery involving tissue transplants from other parts of her body. Her leg will never function quite as a normal leg does; she will always have to wear a brace on her knee in order to walk properly and, in any event, will have difficulty in running, walking for extended periods of time, or engaging in similar activities. We assess the damages for pain and suffering and for the partial loss of the function in plaintiff's leg at $10,000.

Plaintiff also submitted evidence of medical expenses in the amount of $1,886. Defendant points out that plaintiff is a citizen of Western Samoa and that the local hospital therefore charged her more than it would have charged an American Samoan. He suggests that he should not have to pay plaintiff's actual medical bills, but only the lesser amount that the hospital would have charged an American Samoan. This contention is apparently based on the idea that it is hardly defendant's fault that he happened to hit an alien instead of a citizen. It is well settled, however, that a tortfeasor takes his victims as he finds them. The actual medical expenses incurred by this particular victim, not the amount that would have been incurred had the defendant been lucky enough to hit some other person, are the measure of damages.

73

In addition to the expenses already incurred, plaintiff will need a permanent brace for her leg. This, according to the medical witness, is in preference to a far more expensive series of further operations which might or might not make it possible for plaintiff to do without a brace. Defendant concedes that this brace will cost about $700.

Defendant Mapo, the owner of the car, admits that he did not insure his vehicle as provided by law. He had an explicit statutory duty to provide insurance not only against losses covered by his own negligence but also against those inflicted by the negligence of "any other person who uses the vehicle . . . with [his] express or implied permission." A.S.C.A. § 22.2003. Because defendant So'oso'o was using the vehicle with defendant Mapo's permission, defendant Mapo's breach of his duty not to allow his car on the road without the required insurance will inflict a loss on the plaintiff in the event defendant So'oso'o should be unable to pay the judgment against him. Defendant Mapo is therefore liable to compensate the plaintiff for any losses up to the $10,000 insurance amount he had a duty to provide. *Foma'i v. Samana*, 4 A.S.R.2d 102 (1987). This liability is secondary to that of the principal tortfeasor; plaintiff may collect from either defendant, but the vehicle owner (whose statutory duty was for the benefit of the victim of the accident, not of the principal tortfeasor) has a right of indemnity and subrogation against the principal tortfeasor for any amounts he may be required to pay on the judgment.

The total of all damages amounting to $12,586, and the accident having been assessed as seventy-five percent attributable to the negligence of defendants, judgment will enter in favor of plaintiff and against defendants, jointly and severally, in the amount of $9,439.50. Judgment will also enter against defendant So'oso'o, obliging him to indemnify defendant Mapo for any amounts the latter should be required to pay on the principal judgment.

It is so ordered.